CONKEY and Another *v.* AMIS.

Where a levy was wrongfully made upon part of a lot of saw-logs, without distinguishing what part, and the part levied upon was sold without being pointed out or separated from the rest, and the purchaser never took possession or attempted to exercise any control over the property, it was *held*, that an action in the nature of trespass, would not lie against the officer and the purchaser.

*Saturday,
December 3.*

APPEAL from the *Vermillion* Court of Common Pleas.

WORDEN, J.—Complaint by the appellee against the appellants, alleging, that on, &c., at, &c., the plaintiff was the owner and possessed of fifty saw-logs of the value of 300 dollars, and ten thousand feet of lumber of the value of 200 dollars; that the defendants then and there, without leave, wrongfully took and carried away said property and have not returned the same, and other wrongs then and there did, to the damage of the plaintiff, &c.

There were answers in denial, and other pleading not necessary to be stated in this opinion.

The cause was tried by a jury, and a verdict found for the plaintiff for 70 dollars, on which judgment was rendered, over a motion for a new trial.

On the trial there was no evidence touching the lumber, and the alleged trespass to the logs was, in substance, as follows:

The plaintiff had forty-two logs in a certain mill-yard. The defendant, *Bright*, as a constable, had in his hands an execution issued to him by a justice of the peace, on a judgment in favor of *Conkey*, the other defendant, and against one *Wilson N. Amis*. *Bright*, by the direction of

*Conkey,* levied the execution upon forty of the logs in question, as the property of said *Wilson N.,* and offered them for sale, and they were bid off by one *John Davidson.* No money was ever paid by *Davidson* on his purchase, but he afterwards gave *Conkey* his note for the amount due on the execution, as also for a small note and account due from *Wilson N.* to *Conkey.* This was by virtue of an agreement between the three. The note at the time of the trial, was not due, and nothing had been paid on it. No particular forty logs out of the forty-two, were levied upon and sold, nor were they, in any manner, separated from the forty-two pointed out or designated. Neither of the defendants, nor *Davidson,* has ever taken actual possession of the logs, but they still lie where they did when bid off by *Davidson,* and in same situation.

The defendants, at the proper time, asked the following, amongst other instructions, which were refused, and exception taken, viz.:

"That the defendants are not liable in this action without proof that they have taken possession of the property in dispute, or assumed some control and dominion over it; and though the actual levying upon property may be sufficient under ordinary circumstances, yet if the levy was upon a part of the whole, and the subsequent sale was for a part of the whole, without distinguishing which part, no property passed by such levy and sale; and if the defendants did not take possession of said property, but at all times suffered it to remain in the possession of the plaintiff, and as it was at the time of the alleged levy, such levy and sale would not make the defendants trespassers, and liable in this action." "If the defendants, or either of them, have not injured the plaintiff in his possession of the property in dispute, the plaintiff cannot recover."

We are of opinion that the charges thus asked should have been given. We shall not stop to inquire what would be the effect of a levy and sale of a part of the logs out of the whole, without, in any manner, separating them, or otherwise designating or pointing out the part

thus levied upon and sold; because the sale of one man's property on an execution against another, would be void, and the title of the owner would not be divested by such sale; and the proceeding could be made no worse by the fact that the levy and sale were so irregular and defective that no title would pass, had the property levied upon and sold belonged to the execution-defendant.

The sale in question did not and could not divest the plaintiff of his title, and unless his possession has been in some manner interferred with, or unless "some dominion or control over it," has been assumed, he has clearly failed to make out his case, and cannot recover. He has failed to show, as charged, that the defendants wrongfully "took and carried away" the property. How has the plaintiff's property been injured?

" Trespass, in the most extensive sense, means any injury to another's person or property from the misfeasance or act of another." 3 Steph. Nisi Prius, 2629. " The gist of the action of trespass is, the injury to the possession." *Id.* 2632.

The property in question has not been touched, or in any manner interfered with. How has the plaintiff been injured by the officer going through the useless and vain formality of levying upon and selling it? If he has been injured by such nugatory levy and sale, the injury is not shown in the evidence.

The motion for a new trial, based upon the refusal of the Court to give the charge, should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. P. Usher*, for the appellants.